**FILED**
CLERK, U.S. DISTRICT COURT

06/07/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: AP DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>RONALD JOHNSON,<br><br>          Defendant. | ED CR No. 5:23-cr-00115-JFW<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 922(g)(1),<br>924(e)(1): Felon in Possession of<br>a Firearm and Ammunition;<br>18 U.S.C. § 924(d)(1), 28 U.S.C.<br>§ 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

[18 U.S.C. §§ 922(g)(1), 924(e)(1)]

On or about January 11, 2023, in San Bernardino County, within the Central District of California, defendant RONALD JOHNSON knowingly possessed the following firearm and ammunition, in and affecting interstate and foreign commerce:

1.   A Sarsilmaz, Model B6, 9mm caliber pistol, bearing serial number T1102-21E52606;

2.   Sixteen rounds of Crossfire Ammunition 9mm caliber ammunition;

3.   Seven rounds of L-Tech Enterprises, Inc., 9mm caliber ammunition;

4.   Three rounds of Remington 9mm caliber ammunition;

5.   Two rounds of Poongsan Metal Manufacturing Co. 9mm caliber ammunition; and

6.   One round of Companhia Brasileira de Cartuchos S.A. 9mm caliber ammunition.

Defendant JOHNSON possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.   Assault by Means Likely to Produce Great Bodily Injury, in violation of California Penal Code Section 245(a)(1), in the Superior Court of the State of California, County of San Bernardino, case number FVA025485, on or about March 23, 2006;

2.   Second Degree Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of San Bernardino, case number FVA900442, on or about August 25, 2009;

3.   Assault with a Firearm, in violation of California Penal Code Section 245(a)(2), in the Superior Court of the State of California, County of San Bernardino, case number FVA1200048, on or about August 3, 2012; and

4.   Criminal Threats, in violation of California Penal Code Section 422(a), in the Superior Court of the State of California, County of San Bernardino, case number FSB1500951, on or about December 18, 2015.

Such possession occurred after defendant JOHNSON had been convicted of the following violent felonies, as defined in Title 18,

United States Code, Section 924(e)(2)(B), all of which were committed on occasions different from one another:

1. Assault by Means Likely to Produce Great Bodily Injury, in violation of California Penal Code Section 245(a)(1), in the Superior Court of the State of California, County of San Bernardino, case number FVA025485, on or about March 23, 2006, committed on or about September 30, 2005;

2. Assault with a Firearm, in violation of California Penal Code Section 245(a)(2), in the Superior Court of the State of California, County of San Bernardino, case number FVA1200048, on or about August 3, 2012, committed on or about January 7, 2012; and

3. Criminal Threats, in violation of California Penal Code Section 422(a), in the Superior Court of the State of California, County of San Bernardino, case number FSB1500951, on or about December 18, 2015, committed on or about March 2, 2015.

1

FORFEITURE ALLEGATION

2

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

3      1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal

4  Procedure, notice is hereby given that the United States of America

5  will seek forfeiture as part of any sentence, pursuant to Title 18,

6  United States Code, Section 924(d)(1), and Title 28, United States

7  Code, Section 2461(c), in the event of the defendant's conviction of

8  the offense set forth in this Indictment.

9      2.   The defendant, if so convicted, shall forfeit to the United

10  States of America the following:

11          (a)   All right, title, and interest in any firearm or

12  ammunition involved in or used in such offense; and

13          (b)   To the extent such property is not available for

14  forfeiture, a sum of money equal to the total value of the property

15  described in subparagraph (a).

16      3.   Pursuant to Title 21, United States Code, Section 853(p),

17  as incorporated by Title 28, United States Code, Section 2461(c), the

18  defendant, if so convicted, shall forfeit substitute property, up to

19  the value of the property described in the preceding paragraph if, as

20  the result of any act or omission of the defendant, the property

21  described in the preceding paragraph or any portion thereof (a)

22  cannot be located upon the exercise of due diligence; (b) has been

23  transferred, sold to, or deposited with a third party; (c) has been

24  placed beyond the jurisdiction of the court; (d) has been

25  ///

26  ///

27

28

1   substantially diminished in value; or (e) has been commingled with

2   other property that cannot be divided without difficulty.

3                                   A TRUE BILL

4

5                                   /S/
                                    _____
6                                   Foreperson

7   E. MARTIN ESTRADA
    United States Attorney
8

9

10  MACK E. JENKINS
    Assistant United States Attorney
11  Chief, Criminal Division

12  SEAN D. PETERSON
    Assistant United States Attorney
13  Chief, Riverside Branch Office

14  JOHN A. BALLA
    Assistant United States Attorney
15  Deputy Chief, Riverside Branch
    Office

16

17

18

19

20

21

22

23

24

25

26

27

28